# IN THE COURT OF APPEALS OF IOWA

No. 24-0592
Filed July 2, 2025

SHAWN MICHAEL JENKINS,
    Applicant-Appellant,

vs.

STATE OF IOWA,
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Kathleen A. Kilnoski, Judge.

Shawn Jenkins appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Nathan A. Olson of Branstad & Olson Law Office, Des Moines, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee State.

Considered without oral argument by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**TABOR, Chief Judge.**

After shoplifting items from a Tractor Supply store, Shawn Jenkins got into a physical altercation with a bystander and store employees in the parking lot. He threatened the employees with a handgun and fled on foot to a nearby school, where parents were waiting to pick up their children.[1] There, Jenkins threatened a father with a handgun, demanded his car keys, then sped off in his Suburban. The State charged Jenkins with two counts of robbery in the first degree—class "B" felonies—and one count of theft in the second degree—a class "D" felony.

While represented by his first counsel,[2] Jenkins signed a written guilty plea to one count of aggravated theft (amended count I), a class "D" felony in violation of Iowa Code section 711.3B(2)(b) (2020), and one count of robbery in the second degree (amended count II), a class "C" felony in violation of section 711.3. The written plea stated:

> The County Attorney has agreed to amend Counts I and II and will dismiss Count III. . . . The County Attorney will recommend 5 years in prison with no mandatory minimum on Count I. The County Attorney will recommend 10 years in prison with a mandatory 5 years in prison on Count II, to be run concurrent. [Jenkins] shall be give[n] credit for time served in the Pottawattamie County Jail and in the Douglas County Jail since April 20, 2020.

The written plea also was "contingent upon the Court accepting the plea bargain."

Five months later, the district court allowed Jenkins's first counsel to withdraw and appointed new counsel from the public defender's office. The court held a plea and sentencing hearing in August 2022. At the hearing, Jenkins pleaded guilty consistent with the written plea he signed with his first counsel. The

---

[1] We take these facts from the minutes of testimony.
[2] Jenkins had two attorneys over the course of his criminal case.

court accepted his plea, finding that he was acting freely and voluntarily; that he understood his rights, the nature of the charges, and the consequences of pleading guilty; and that there was a factual basis.[3]  Jenkins waived his right to file a motion in arrest of judgment and requested immediate sentencing.  Under the plea agreement, the court sentenced him to concurrent indeterminate prison terms totaling ten years, with a mandatory minimum of five years on the robbery count. He did not pursue a direct appeal.

Instead, Jenkins applied for postconviction relief (PCR) in May 2023, alleging his first counsel was ineffective.[4]  The State moved for summary disposition.  At the PCR trial, Jenkins testified that his first counsel conveyed the offer of "a soft ten-year sentence"—meaning no mandatory minimum.  He also claimed that he agreed to sign the written guilty plea because his first counsel incorrectly told him the five-year mandatory minimum "would get cut in half" once he arrived at the medical and classification center.  Jenkins's second counsel testified that he explained to Jenkins the State's plea offer included "a hard mandatory minimum"—meaning that Jenkins "would spend 50 percent" of the ten-year sentence in prison.[5]

In a detailed and well-reasoned opinion, the district court found that Jenkins did not show how his second counsel's "subsequent competent representation

---

[3] Jenkins agreed that the court could adopt the minutes of testimony as the factual basis for his guilty plea.
[4] Jenkins did not allege receiving ineffective assistance from his second counsel who represented him at the plea and sentencing hearing.
[5] Jenkins's first counsel did not testify.

failed to correct any perceived incompetent representation he claims he received" from his first counsel. The court also noted:

> Jenkins has not offered any objective, corroborative evidence that his acceptance of the plea offer was based on [his first counsel's] unprofessional errors. Rather, his acceptance was based upon his wish to seek the best possible plea deal that he could . . . . Without the amendment to robbery second degree, Jenkins was facing twenty-five years in prison with a mandatory minimum between 50 and 70 percent. His testimony that he would not have accepted the plea to robbery second degree if he knew he was facing a "hard" five-year mandatory minimum rings hollow and is simply not believable.

Thus, the court found that Jenkins failed to prove his ineffective-assistance-of-counsel claim and dismissed his PCR application.

On appeal, Jenkins again alleges that his first counsel was ineffective for misinforming him about the mandatory minimum sentence. And he claims that his counsel's errors rendered his guilty pleas involuntary and unintelligent. But on our de novo review, *see Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021), we agree with the district court's conclusion that Jenkins's second counsel's "effective representation of him before and during his plea and sentencing hearing cured any alleged ineffectiveness" of his first counsel. And for the reasons detailed by the district court, Jenkins has failed to establish prejudice. *See Dempsey v. State*, 860 N.W.2d 860, 868–69 (Iowa 2015). So, we affirm with this memorandum opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**